**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
CARLOS ROSARIO-ORTIZ,               :
                                    :   Civil Action No.
         Petitioner,                :   09-6318 (JBS)
                                    :
    v.                              :   **M E M O R A N D U M**
                                    :   **O R D E R**
WARDEN ZICKEFOOSE,                  :
                                    :
         Respondent.                :
_____ :

   This matter comes before the Court upon submission of an application, filed pursuant to 28 U.S.C. § 2241 ("Petition"), and it appearing that:

1. The Clerk received the Petition being unaccompanied by either Petitioner's filing fee of $5.00 or by his in forma pauperis application. See Docket Entry No. 1. The Petition challenges what appears to be a hypothetical denial of Petitioner's request for transfer to a residential re-entry center ("RRC") that Petitioner anticipates receiving in the event he elects to seek transfer to a RRC. See id. Petitioner expressly states that he did not exhaust his administrative remedies, asserting – without any clarification of his position – that such exhaustion would necessarily be futile. Id. at 2.

2. Petitioner errs as to his understanding of the exhaustion requirement. Title 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his

sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (quoting 28 U.S.C. §§ 2241(a) and (c)(3)). In Woodall v. Fed. Bureau of Prisons, the United States Court of Appeals for the Third Circuit concluded that § 2241 is the appropriate means for challenging a decision to exclude an inmate from release to an RRC. See 432 F.3d 235, 242 (3d Cir. 2005). Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts in the Third Circuit consistently have required a petitioner to exhaust his administrative remedies before filing a petition for a writ of habeas corpus. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); see also Callwood v. Enos, 230 F.3d 627, 632 (3d Cir. 2000). The Court of Appeals requires administrative exhaustion for habeas claims raised under § 2241 because "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted).

3. The BOP has a three-level Administrative Remedy Program that is available to inmates for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10.

      Inmates first must informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. See 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined through the submission of a BP-9 form. See id. § 542.14(a). If dissatisfied with the response, the inmate may appeal an adverse decision first to the Regional Office and then to the Central Office of the BOP. See id. § 542.15(a). No administrative remedy appeal is considered to have been fully exhausted until it has been denied by the Central Office of the BOP. See id. If the inmate receives no response within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

4. Exhaustion of administrative remedies, however, is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner *demonstrates* – rather than merely alleges – futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (clarifying that exhaustion "would be futile if the actions of the agency *clearly and unambiguously* violate statutory or constitutional rights, or if the administrative procedure is clearly shown to

3

be inadequate to prevent irreparable harm") (emphasis supplied); Carling v. Peters, 2000 U.S. Dist. LEXIS 10288, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

5. Here, Petitioner has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would subject Petitioner to "irreparable injury." Moreover, by characterizing the process as futile, Petitioner presupposes that his grievance will be denied, the outcome in which the Court has no certainty.  Petitioner's position is vague, as he does not identify the BOP policies he wishes to challenge, and it lends no support to the conclusion that the BOP policies unambiguously violate statutory or constitutional rights.  The administrative process would give Petitioner an opportunity to articulate his concerns while requiring the BOP to address those concerns, before engaging in judicial review under § 2241.

6. Finally, the above-defined administrative procedure established and employed by the BOP is not "clearly inadequate."  In light of the foregoing, the Court disagrees with Petitioner's contention that administrative exhaustion of his claims would be futile and is constrained to dismiss the Petition, without prejudice, for Petitioner's failure to exhaust administrative remedies.  See Taylor v. Grondolsky,

4

2009 U.S. Dist. LEXIS 98402, at *7 (D.N.J. Oct. 21, 2009) ("Petitioner confuses futility with lack of merit.  In other words, Petitioner's suspicion that the BOP would deny his claim does not render exhaustion of the claim futile").

IT IS, therefore, on this **17th** day of **March**, **2010**,

ORDERED that the Petition is dismissed, without prejudice, for failure to exhaust Petitioner's administrative remedies; and it is further

ORDERED that, within thirty days from the date of entry of this Order, Petitioner shall either remit his filing fee of $5.00 or submit his in forma pauperis application; and it is further

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion & Order upon Petitioner, by regular U.S. mail and it is finally

ORDERED that the Clerk shall close the file in this matter.


      **s/ Jerome B. Simandle**
      JEROME B. SIMANDLE
      U.S. District Judge